## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SUSAN KAUFFMAN,

      Plaintiff,

v.                                  Civil Action No.: _____

LIFE INSURANCE COMPANY
OF NORTH AMERICA,

      Defendant.

## COMPLAINT

The Plaintiff, SUSAN KAUFFMAN, sues the Defendant, LIFE INSURANCE COMPANY OF NORTH AMERICA (hereinafter "LINA") and states:

1. This is an action for legal and/or equitable relief under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seq.

2. This Court has jurisdiction pursuant to 29 U.S.C. § 1131(e) and (f).

3. At all times material hereto, Plaintiff was a resident of Berks County, Wyomissing, Pennsylvania.

4. Plaintiff was an employee of Citizens Bank, N.A.

5. At all times material hereto, Plaintiff is and/or was a participant in a Group Policy issued by LINA to Citizens Bank, N.A.

6. At all times material hereto, Defendant LINA, was a corporation licensed to do business in the State of Pennsylvania and was charged with making the final benefits determinations at issue under the LTD Plan. There is no indication that LINA was provided with discretionary authority to determine Plaintiff's eligibility for benefits.

7. The Plan was funded through a contract of insurance issued by LINA, who pays claims from its own general assets.

8. The LTD Plan contains the following definition of disability:

*"The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:*
1. *unable to perform the material duties of his or her Regular Occupation; and*

2. *unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation.*

*After Disability Benefits have been payable for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is:*

1. *unable to perform the material duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training or experience; and*

2. *unable to earn 60% or more of his or her Indexed Earnings.*

*The Insurance Company will require proof of earnings and continued Disability."*

9. Plaintiff stopped working for Citizens Bank, NA in August 2014 and began receiving benefits from LINA in February 2015.

10. By letter dated July 11, 2019 LINA determined that Plaintiff no longer met the definition of disability as defined in the LTD Plan.

11. By letter dated January 6, 2020, LINA acknowledged Plaintiff's requested reconsideration of the July 11, 2019 determination.

12. LINA affirmed the decision terminating Plaintiff's Long Term disability benefits by letter dated November 6, 2020.  This denial formally exhausted Plaintiff's administrative remedies, and LINA informed Plaintiff that she had a right to bring a legal action under ERISA on or before November 6, 2024.

**CAUSE OF ACTION**

**(Violation of Section 502 (a)(1)(B) Against Defendant, LINA)**

13. The Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 12, inclusive.

14. The LTD Plan provides that Plaintiff is entitled to Long Term disability benefits if she meets the definition of Disabled.

15. Plaintiff has met the definition of Disabled within the meaning of the LTD Plan and is entitled to disability as of July 11, 2019 and through the present.

16. Defendant LINA, since July 11, 2019 has failed and refused to pay Long Term disability benefits to Plaintiff and such failure and refusal constitutes an improper denial of benefits pursuant to a disability plan governed by ERISA.

17. The decision denying the Plaintiff the rights and benefits due under the Plan was arbitrary, illegal, capricious, unreasonable, discriminatory and not made in good faith. The decision is not supported by substantial evidence and arises from an erroneous application of the Plan and federal law.

18. As a direct and proximate result of LINA's actions, the Plaintiff has sustained damages and such damages will approximate the amount of benefits payable to the Plaintiff under the terms of the Plan.

19. Plaintiff has been required to obtain the services of the undersigned attorney in this matter and has agreed to a reasonable attorney fee as compensation to him for his services.  Pursuant to 29 U.S.C. § 1132(g) Plaintiff is entitled to a reasonable attorney's fee and costs of action.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, SUSAN KAUFFMAN, asks this Court to enter judgment against defendant LINA, finding that:

(a)  Plaintiff met the definition of Disabled under the LTD Plan as of July 11, 2019 and through the present;

(b)  Plaintiff is entitled to Long Term disability benefits from July 11, 2019 through the present;

(c)   Ordering Defendant to pay Plaintiff all benefits due under the Plan;

(d)   Declaring that all rights and benefits due to the Plaintiff are vested and non-forfeitable or, in the alternative, to award the Plaintiff a money judgment for all sums owed to the Plaintiff;

(e)   Awarding the Plaintiff prejudgment interest to the date of judgment;

(f)  An award reasonable attorney's fees and costs incurred in this action is proper; and

(g)  Any such other and further relief this Court deems just and proper, including but not limited to a declaration that Plaintiff's same claim for benefits continues after the last date of benefits awarded by the Court.

Respectfully Submitted,

*/s/ Karl E. Osterhout*
KARL E. OSTERHOUT
PA ID # 49658
Osterhout Disability Law, LLC
521 Cedar Way, Suite 200
Oakmont, PA 15139
P: 412-794-8503
F: 412-794-8050
karl@mydisabilityattorney.com
*September 13, 2021*

4